NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180200-U

NO. 4-18-0200

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRIAN HARGARTEN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| GREGORY KOCHEL, IAN COX, ANDREW | ) | No. 17MR71 |
| BULLFORD, CHAD BROWN, ABERARDO | ) | |
| SALINAS, GUY D. PIERCE, SHARON SIMPSON, | ) | |
| MICHAEL P. MELVIN, SHERRY BENTON, and | ) | Honorable |
| JOHN R. BALDWIN, | ) | Jennifer H. Bauknecht, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court reversed the trial court's dismissal of plaintiff's claim suggesting his due process rights were violated where he was not permitted to review certain evidence during his disciplinary proceedings and remanded for further proceedings on that claim. The appellate court otherwise affirmed the dismissal of plaintiff's remaining claims in his complaint.

¶ 2    Plaintiff, Brian Hargarten, an inmate in the custody of the Illinois Department of Corrections (DOC), appeals from the trial court's dismissal of his complaint against various DOC officials and employees. On appeal, plaintiff argues his complaint sufficiently alleged a violation of his due process rights. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3                                  I. BACKGROUND

¶ 4    According to DOC prison inmate search results, plaintiff is currently serving a 62-year sentence for first degree murder and has a projected parole date of November 21, 2070. See https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited April 13, 2020);

see also *People v. Hargarten*, 2014 IL App (1st) 122600-U, ¶ 34 (affirming plaintiff's conviction and sentence on direct review).

¶ 5                                      A. Complaint

¶ 6        In March 2017, plaintiff filed a complaint seeking to have disciplinary proceedings which allegedly resulted in his loss of good conduct credit reviewed under a common-law writ of *certiorari*. Plaintiff named the following DOC officials and employees as defendants: Gregory Kochel, Ian Cox, Andrew Bullford, Chad Brown, Aberardo Salinas, Guy D. Pierce, Sharon Simpson, Michael P. Melvin, Sherry Benton, and John R. Baldwin.

¶ 7        Plaintiff raised multiple claims of error concerning the disciplinary proceedings. Plaintiff alleged his due process rights were violated where he was not permitted to (1) review a manuscript and the samples of his handwriting contained in his master file to which the manuscript was compared or (2) introduce new samples of his handwriting for comparison.

¶ 8        Plaintiff attached various exhibits to his complaint, including an inmate disciplinary report, a written statement he prepared for an adjustment committee hearing, an adjustment committee's final summary report, a grievance plaintiff filed following the adjustment committee hearing, a grievance officer report denying plaintiff's grievance, and a letter ruling on plaintiff's appeal from the denial of his grievance. The following is gleaned from the exhibits.

¶ 9        On March 2, 2016, plaintiff was served with an inmate disciplinary report authored by Andrew Bullford. According to the report, on February 22, 2016, a correctional officer discovered in a prison gallery an envelope containing a manuscript handwritten on toilet paper. The manuscript detailed the cell house policies of a security threat group, or gang, called the Latin Folk. The manuscript did not contain the name of its author. The correctional officer sent the

manuscript to the prison intelligence unit, which consisted of Correctional Officer Gregory Kochel and Correctional Officer Ian Cox. After comparing the handwriting on the manuscript to samples of plaintiff's handwriting contained in his master file, the intelligence unit determined it was plaintiff's handwriting on the manuscript. Based on that determination, the inmate disciplinary report indicated plaintiff had violated DOC regulation 205, which prohibits security threat group or unauthorized organizational activity. See 20 Ill. Adm. Code 504.Appendix A (No. 205), amended at 27 Ill. Reg. 6214 (eff. May 1, 2003).

¶ 10        Prior to an adjustment committee hearing, plaintiff prepared a written statement. In the statement, plaintiff, in part, (1) denied the allegation suggesting he authored the manuscript and (2) requested the adjustment committee review the manuscript and the handwriting samples contained in his master file.

¶ 11        On March 16, 2016, plaintiff was served with a final summary report from the adjustment committee, which consisted of chairman Chad Brown and member Aberardo Salinas. According to the report, plaintiff appeared before the adjustment committee for a hearing on March 7, 2016. The disciplinary report was read, plaintiff pleaded not guilty, plaintiff's written statement was submitted, and the manuscript was reviewed and verified by Brown. The adjustment committee was satisfied the violation occurred as reported and recommended, in part, revocation of one year of good conduct credit. Guy D. Pierce, the chief administrative officer, approved the adjustment committee's determinations.

¶ 12        On March 18, 2016, plaintiff filed a grievance raising multiple complaints concerning the disciplinary proceedings. Plaintiff argued, in part, the "[adjustment] committee *** violat[ed] offenders due process in that offender has a right to request all materials or evidence

used against him be presented at the hearing so that offender can challenge and offer a viable defense against the evidence presented." In the factual background of his grievance, plaintiff alleged, after receiving the inmate disciplinary report, he requested the manuscript be presented at the adjustment committee hearing. Plaintiff also alleged he asked to see the manuscript and samples of his handwriting contained in his master file to which the manuscript was compared during the adjustment committee hearing.

¶ 13　　　In June 2016, Sharon Simpson, a grievance officer, issued a grievance officer's report recommending plaintiff's grievance be denied. Michael Melvin, the chief administrative officer who succeeded Pierce, concurred with Simpson's recommendation. Plaintiff appealed to the DOC's director, and the matter was referred to its administrative review board.

¶ 14　　　In December 2016, Sherry Benton, a member of the administrative review board, issued a letter to plaintiff informing him the board was reasonably satisfied he committed the offense and his claims of due process were unsubstantiated. John R. Baldwin, the acting director of the board, concurred with the board's decision.

¶ 15　　　　　　　　　　B. Motion to Dismiss

¶ 16　　　In September 2017, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (2016)). Defendants argued, in part, plaintiff failed to state a due process claim as they were not required to disclose inculpatory evidence.

¶ 17　　　　　　　C. Response to Motion to Dismiss

¶ 18　　　In October 2017, plaintiff filed a response to defendants' motion to dismiss. Plaintiff argued, in part, he had a due process right to review the manuscript to allow him the

opportunity to explain his actions or to alert officials to possible defects in the evidence.

¶ 19                                              D. Dismissal

¶ 20            In January 2018, the trial court entered a docket entry granting defendants' motion to dismiss, finding plaintiff's complaint failed to sufficiently set forth a claim for review.

¶ 21            This appeal followed.

¶ 22                                              II. ANALYSIS

¶ 23            On appeal, plaintiff argues his complaint sufficiently alleged a violation of his due process rights based on the denial of his requests to review the manuscript and the samples of his handwriting contained in his master file to which the manuscript was compared and to introduce new samples of his handwriting for comparison. While defendants disagree with plaintiff's argument suggesting he sufficiently alleged a due process violation based on the alleged denial to introduce new samples of his handwriting for comparison, they agree, based on the supreme court's recent decision in *Fillmore v. Taylor*, 2019 IL 122626, 137 N.E.3d 779, plaintiff sufficiently alleged a due process violation based on the alleged denial to review the manuscript and the samples of handwriting contained in the master file to which the manuscript was compared.

¶ 24            In his complaint, defendant sought to have the disciplinary proceedings reviewed under a common-law writ of *certiorari* as he believed, in part, his due process rights were violated during those proceedings. A common-law writ of *certiorari* is a method for obtaining judicial review of administrative actions when the statute conferring power on the agency does not expressly adopt the Administrative Review Law (ARL) (735 ILCS 5/3-101 to 3-113 (West 2016)) and provides for no other form of review. *Id.* ¶ 67. Because the statutes concerning prison disciplinary proceedings neither adopt the ARL nor provide another form of review, "properly

pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Id.*

¶ 25　　　Defendants sought, and the trial court granted, dismissal of plaintiff's complaint pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2016)). We review a trial court's judgment granting a section 2-615 motion to dismiss *de novo*. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21, 135 N.E.3d 891. A claim should not be dismissed under section 2-615 of the Civil Code "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover." In making that determination, we must "take all well-pleaded facts as true and construe the allegations in the complaint in the light most favorable to the plaintiff." *Id.*

¶ 26　　　An inmate who may lose good conduct credit as a result of a disciplinary proceeding is entitled to certain due process guarantees. *Fillmore*, 2019 IL 122626, ¶ 57. The inmate must receive:

> "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action."
>
> *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

Additionally, the findings of the disciplinary board "must be supported by some evidence in the record" to comport with due process. *Id.*

¶ 27　　　In *Fillmore*, the supreme court found an inmate had sufficiently pled, for purposes

of surviving a section 2-615 motion to dismiss, a due process claim based on an alleged denial of the inmate's witness and evidence requests where there was no record of any explanation for the denials. *Id.* ¶¶ 60-64. In reaching its decision, the court acknowledged the prison officials had set forth reasons on appeal why the inmate's requests were denied but declined to consider those reasons as they were not presented at the inmate's disciplinary hearing or "in the form of affidavits or other evidence" during the inmate's later court challenge to his disciplinary proceedings. *Id.* ¶ 64.

¶ 28        Consistent with *Fillmore*, we find plaintiff has sufficiently pled, for purposes of surviving a section 2-615 motion to dismiss, a due process violation based on the alleged denial of his request to review the manuscript and the samples of his handwriting contained in his master file to which the manuscript was compared where there is no record of any explanation for the denial. We reverse the trial court's dismissal of plaintiff's claim and remand for further proceedings during which defendants will have the opportunity to provide, by affidavit or other evidence, any explanation for denying plaintiff's request to review the manuscript and the samples of his handwriting contained in his master file to which the manuscript was compared.

¶ 29        In reaching this decision, we reject plaintiff's argument suggesting his complaint also sufficiently alleged a due process violation based on the denial of his request to introduce new samples of his handwriting for comparison. Plaintiff's grievance, which was incorporated into his complaint, makes clear he did not raise such an argument before the administrative agency and, therefore, forfeited it for review. See *Demesa v. Adams*, 2013 IL App (1st) 122608, ¶ 52, 994 N.E.2d 1007 ("It is well settled that on administrative review a party forfeits any issue that it failed to raise in proceedings before the administrative agency."). We also reject plaintiff's request to

order defendants to reimburse him for costs of this appeal.

¶ 30                                    III. CONCLUSION

¶ 31        We reverse the trial court's dismissal of plaintiff's claim suggesting his due process rights were violated where he was not permitted to review a manuscript and the samples of his handwriting contained in his master file to which the manuscript was compared and remand for further proceedings on that claim. We otherwise affirm the dismissal of plaintiff's remaining claims in his complaint.

¶ 32        Affirmed in part and reversed in part; cause remanded.